City of New York v Eastern Shipbuilding Group, Inc. (2018 NY Slip Op 04113)





City of New York v Eastern Shipbuilding Group, Inc.


2018 NY Slip Op 04113


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6831 452725/14

[*1]The City of New York, Plaintiff-Respondent,
v
Eastern Shipbuilding Group, Inc., et al., Defendants, Robert Allan Ltd., Defendant-Appellant.


Hill Rivkins LLP, New York (James E. Forde of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Scott Shorr of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered September 8, 2017, which, to the extent appealed from, denied defendant Robert Allan Ltd.'s motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to grant the motion as to the professional malpractice claim, and otherwise affirmed, without costs.
In support of dismissing the breach of contract claim, defendant established prima facie that the defects in the fireboats it designed and constructed for plaintiff (the City) did not cause the City to sustain any damages. It submitted testimony by the fire department's director of grants admitting that the City paid 100% of the fireboat repair costs using federal grant money. In opposition, the City demonstrated that its use of the federal grant money for the fireboat repairs does not "place [it] in the same position as [it] would have been in if the contract had not been breached" (see Tullett Prebon Fin. Servs. v BGC Fin., L.P., 111 AD3d 480, 481 [1st Dept 2013] [internal quotation marks omitted], lv denied 22 NY3d 864 [2014]). It submitted evidence that, while a small portion of the federal grant money was approved and earmarked for the fireboat repairs, the City was forced to reallocate funds for other projects covered by the grant when the cost of the fireboat repairs exceeded the amount requested. Moreover, the City established that, if it recovers any money from defendant, it will be required either to repay the federal grant money or make a request to keep the money for other necessary projects.
The cause of action for professional malpractice should be dismissed as duplicative. Although the service that defendant performed was "affected with a significant public interest" and the failure to perform could have had "catastrophic consequences," the City is "essentially seeking enforcement of the bargain" (see Dormitory Auth. of the State of N.Y. v Samson Constr. [*2]Co., 30 NY3d 704, 711 [2018] [internal quotation marks omitted]). The City does not allege any damages that were not "within the contemplation of the parties under the contract," i.e., not "already encompassed in [its] contract claim" (see id. at 713).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK